```
                                                          USDC SDNY
                                                          DOCUMENT ELECTRONICALLY
                                                          FILED
UNITED STATES DISTRICT COURT                              DOC#: _____
SOUTHERN DISTRICT OF NEW YORK                             DATE FILED: 4-12-16
```

------------------------------------------------------- x

HECTOR BARRERAS,

                Petitioner,            1:13-cv-2075 (ALC)

    -against-                     **OPINION AND ORDER**

UNITED STATES OF AMERICA.

------------------------------------------------------- x

**ANDREW L. CARTER, JR., United States District Judge:**

    Hector Barreras, proceeding *pro se*, petitions this Court to correct, vacate, or set aside his conviction pursuant to 28 U.S.C. § 2255. Barreras challenges his conviction on the ground that he was denied effective assistance of counsel during the plea bargaining process. Specifically, Barreras argues that his counsel failed to conduct a proper investigation into the weight of the narcotics found in Barreras's possession and as a result did not provide him with competent advice during the plea bargaining process. For the reasons set forth below, Barreras's motion is DENIED.

## BACKGROUND

    On July 23, 2007, two Drug Enforcement Administration ("DEA") agents were assisting in the search for a fugitive believed to be at an apartment complex in Yonkers, New York. Tr. of Oral Argument at 34, *U.S. v. Barreras*, No. 07 Cr. 822 (SCR), (S.D.N.Y. Feb. 18, 2010), ECF No. 55-3.[1] One agent was assigned to foot patrol of the area and observed suspicious activity at the apartment complex. *Id.* at 36. He was then picked up by another agent. *Id.* This second agent had observed Barreras acting suspiciously in the parking lot of a nearby complex and was in the

---

[1] This opinion makes reference to the electronic dockets of Barrera's currently pending civil case, as well as his underlying criminal case. Citations to the electronic docket of his criminal case are prefaced by that case number, No. 07 Cr. 822; all other citations to the electronic docket refer to his civil case, No. 13 Civ. 2075.

1

COPIES MAILED

process of following Barreras's vehicle. *Id.* at 37-38. The two agents continued to follow Barreras and executed a traffic stop a short while later. *Id.* at 39. One agent noticed a bag in the back seat of Barreras's car, and asked if he could look inside. *Id.* at 42. Upon inspection, the agents ascertained that the bag contained five brick-shaped packages later confirmed to be cocaine. *Id.* at 43. Barreras was subsequently arrested. *Id.* at 43. Based on the extrapolated weight[2] of the five bricks, Barreras was charged with one count of possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). Indictment, No. 07 Cr. 822, ECF No. 7. That charge carried with it a ten-year mandatory minimum sentence.

Lawrence Fisher was appointed to represent Barreras pursuant to the Criminal Justice Act ("CJA") on July 30, 2007. Notice of Att'y App., No. 07 Cr. 822, ECF No. 4. Barreras wished to challenge the Government's reported weight and argue that the report's on-the-line weight, i.e. exactly 5,000 grams, required a reweighing of the evidence.[3] Pet. Br. in Support of Motion to Vacate, Set Aside, or Correct Sentence ("Pet. Br.") at Exh. 1, ECF No. 1. Barreras's counsel, however, did not request or receive a reweighing of the drugs. Pet. Br. at 1, ECF No. 1. Initially, Barreras agreed to a bench trial, but when he learned he would be required to stipulate to the Government's weight of the drugs, Barreras refused, and a jury trial was set for October 5, 2009. Minute Entry for Proceedings Dated 07/29/2009, No. 07 Cr. 822, ECF. In July 2009, Barreras

---

[2] The "extrapolated weight" is determined by weighing a small sample of the drugs in order to determine a reliable estimate of the total weight of the evidence. *See* Office of General Counsel U.S. Sentencing Commission, *Drug Primer*, 11-12 (March 2013), http://www.ussc.gov/sites/default/files/pdf/training/primers/Primer_Drug.pdf. *See also U.S. v. Pirre*, 927 F.2d 694, 697 (2d Cir. 1991) (finding that extrapolation of the weight of fifteen bricks of cocaine from two sample bricks was sufficiently reliable to establish correct weight).

[3] The Government was required to prove that the drugs weighed 5,000 grams or more to secure a conviction under § 841(b)(1)(A). Because the lab extrapolated the weight of the drugs from a smaller sample size and found that the quantity was at exactly this threshold weight, Barreras wished to contend that the recorded weight was an incorrect over-estimation. If that were proven, the Government could not meet its burden under § 841(b)(1)(A).

was reassigned to another CJA attorney, Michael Keesee, who represented him through sentencing. Minute Entry for Pretrial Conference Dated 07/09/2009, No. 07 Cr. 822, ECF.

On September 2, 2009, the Government filed a prior felony information pursuant to 21 U.S.C. § 851, increasing the mandatory minimum sentence to which he was subject under § 841(b)(1)(A) from 10 years to 20 years. Prior Felony Info., No. 07 Cr. 822, ECF No. 29. At a pretrial conference held September 28, 2009, in the week before trial was to begin, Barreras requested new counsel and an adjournment of the trial date, stating that defense counsel had not visited with him to prepare for trial. Pet. Br. at 2, ECF No. 1. Barreras's request for new counsel was denied, but counsel was ordered to meet with Barreras and the trial was adjourned to January 19, 2010. Minute Entry for Proceedings Dated 09/28/2009, No. 07 Cr. 822, ECF. On November 19, 2009, the Government filed a second superseding indictment, charging Barreras with one count of possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A), and adding a second count, conspiracy to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 812, 841(b)(1)(A), and 846. Second Superseding Indictment, No. 07 Cr. 822, ECF No. 41. Trial was again adjourned, this time to February 17, 2010. Minute Entry for Proceedings Dated 01/14/2010, No. 07 Cr. 822, ECF.

At the start of trial, the Government informed the Court that the weight of the drugs had to be corrected from the initial extrapolated weight of 5,000 grams to the actual weight of 4,993 grams. Tr. of Guilty Plea, Exh. 6, Filor Declr., ECF No. 6-6. Upon learning of the new weight, Barreras indicated his desire to plead guilty to a lesser charge, intent to distribute more than 500 grams of cocaine in violation of § 841(b)(1)(B). Consent to Proceed on Felony Plea Allocution, No. 07 Cr. 822, ECF No. 52. Because the Government had filed a prior felony information

pursuant to 21 U.S.C. § 851, the mandatory minimum sentence for this charge was ten years, rather than five years. Barreras entered a guilty plea on February 19, 2010.[4] Tr. of Guilty Plea at 25, No. 07 Cr. 822, ECF No. 55-3.

Barreras was sentenced on August 9, 2010, to 121 months' imprisonment followed by eight years of supervised release; his term of imprisonment was one month more than the statutory minimum.[5] J. in Crim. Case, *Barreras*, No. 07 Cr. 822, ECF No. 62. Barreras appealed his conviction, raising his ineffective assistance claim on direct appeal. *See U.S. v. Barreras*, 494 Fed. App'x 115, 119 (2d Cir. 2012). The Second Circuit rejected his claim that counsel's failure to request reweighing of the drugs in and of itself constituted ineffective assistance, finding that Barreras did not suffer any prejudice because he was eventually allowed to plead to the correct offense, predicated on the re-weighed, lower drug weight, under § 841(b)(1)(B). *Barreras*, 494 Fed. App'x at 119. The Court did not address his claim that counsel was ineffective during the plea bargaining process because of this failure to request a reweighing, thus preserving his right to raise it under § 2255. *Id.*

## LEGAL STANDARD

### A. 28 U.S.C. § 2255

Section 2255 allows a person convicted in federal court to "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . ." 28 U.S.C. § 2255(a). Under

---

[4] Magistrate Judge George A. Yanthis presided over the guilty plea proceedings, upon the consent of Barreras. Judge Stephen C. Robinson presided over Barreras's pre-trial proceedings and sentencing. His civil case was later assigned to this judge and his criminal case was reassigned to the Hon. Katherine B. Forrest.
[5] On March 11, 2015, Judge Forrest reduced Barreras's sentence from 121 months to 120 months pursuant to 18 U.S.C. § 3582(c)(2). Order Granting Mot. for Sentence Reduction, No. 07 Cr. 822, ECF No. 76.

4

§ 2255, a court may grant relief "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)) (internal quotation marks omitted).

When considering a § 2255 motion, a district court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . ." 28 U.S.C. § 2255(b). "However, the filing of a motion pursuant to § 2255 does not automatically entitle the petitioner to a hearing; that section does not imply that there must be a hearing where the allegations are 'vague, conclusory, or palpably incredible.'" *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the petitioner] to relief." *Id.* at 131. If it "plainly appears" from the motion, exhibits, and record of prior proceedings that the habeas petitioner is not entitled to relief, "the judge must dismiss the motion." Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b), 28 U.S.C. foil. § 2255.

Finally, in ruling on a § 2255 motion, the Court construes a *pro se* petitioner's submissions liberally and interprets them "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d. Cir. 2009) (quoting *Green v. United States*, 280 F.3d 78, 83 (2d Cir. 2001) (internal quotation marks omitted).

**B. Ineffective Assistance of Counsel**

In order to prevail on an ineffective assistance of counsel claim, a petitioner must generally demonstrate that (1) his counsel's performance "fell below an objective standard of reasonableness" and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984). Counsel is granted "wide latitude" and there is a "strong presumption that [a lawyer's] conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. There is no exhaustive list as to what duties are owed by defense counsel to his client, as effective assistance may include a large range of "legitimate decisions about how to best represent a defendant." *Id.* An exhaustive list "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Id.* Accordingly, strong deference is given to counsel's strategic decisions and the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotations omitted).

The Supreme Court has noted that the plea process is a central part of the criminal justice system and that the Sixth Amendment protects defendants against ineffective assistance of counsel at this critical stage in criminal proceedings. *See Missouri v. Frye*, 132 S. Ct. 1399, 1407 (2012). In order to prevail on an ineffective assistance of counsel claim where a petitioner argues that a less favorable plea deal was accepted due to counsel's deficient performance, the petitioner must meet the two-prong standard set out in *Strickland*. To meet the prejudice prong in such cases, the petitioner must demonstrate that there is a "reasonable probability that [the petitioner] would have accepted the earlier plea offer had [he] been afforded effective assistance . . ." *Frye*, 132 S. Ct. at 1409. Moreover, petitioners must show "a reasonable probability the plea would

have been entered without the prosecution canceling it or the trial court refusing to accept it." *Id.* Prejudice is established when there exists "a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id.*

As the Second Circuit has noted, "[t]he *Strickland* standard is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard." *Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001).

## DISCUSSION

Barreras asserts that by failing to request a reweighing of the drugs, counsel failed to investigate and failed to submit his case to full adversarial testing. These failures, Barreras argues, deprived him of effective assistance of counsel during the plea bargaining process and resulted in him pleading to a single count under § 841(b)(1)(B) with the § 851 enhancement, rather than the same charge without the enhancement. This increased the statutory mandatory minimum he faced from five years to ten years. But for counsel's failure to investigate, Barreras argues, he would have pled guilty to a single count under § 841(b)(1)(B) prior to the filing of the § 851 enhancement. The Government argues that Barreras's petition is barred by a waiver provision included in the plea agreement. Furthermore, the Government contends that Barreras is unable to establish an ineffective assistance of counsel claim because he cannot demonstrate that his counsel's performance was unreasonable or that it resulted in prejudice.

**A. Waiver**

In its brief, the Government attempts to revive its argument, already dismissed by the Second Circuit, that the present action is barred by an appeals waiver included in the plea agreement. Resp't Opp'n Br. at 6, ECF No. 5. This argument was addressed and refuted by the

7

Second Circuit in Barreras's appeal. *Barreras*, 494 Fed. App'x at 117. There, the Court concluded that the waiver clause only applied to appeals concerning the sentence that Barreras received. *Id.* at 118 ("Unlike many appeals waivers, the waiver in Barreras's plea agreement bars only a direct or collateral challenge to '*any sentence* within or below the Stipulated Guidelines Range.' It does not bar an appeal of the underlying *conviction*.") (emphasis in original). In this action, Barreras again seeks more than sentencing relief; he seeks to vacate his conviction. *See, e.g.,* Pet. Br. at 19, ECF No. 1. Thus, the waiver does not apply to the current petition. *See United States v. Cunningham*, 292 F.3d 115, 117 (2d Cir. 2002) (declining to dismiss appeal of supervised release term where supervised release was not mentioned in the waiver).

### B. Ineffective Assistance of Counsel

Turning to the merits of Barreras's claim, it is apparent from the record that Barreras is unable to satisfy the *Strickland* standard. Barreras asserts that counsel's failure to investigate and insist on a reweighing was unreasonable and prevented counsel from effectively advising Barreras as to how to proceed. Because of counsel's failure, Barreras argues, he suffered prejudice as he was subjected to the § 851 enhancement, resulting in a five-year increase to the mandatory minimum and a conviction pursuant to the enhancement. However, Barerras does not establish that his counsel's performance during the course of the plea bargaining process was unreasonable nor does he establish that he suffered prejudice due to counsel's failure to obtain a reweighing of the drugs and advise him accordingly.

#### 1. Reasonable Performance

Barreras argues he was denied effective assistance of counsel due to counsel's failure to properly conduct its own investigation into the weight of the drugs. This failure, he argues, made it impossible for counsel to properly advise him as to the plea offer he was given, thereby

violating prevailing professional norms. However, Barreras ignores the fact that counsel is granted wide latitude in determining the extent of an investigation, as there is a strong presumption that counsel practiced sound trial strategy in the events leading up to and including trial. *Strickland*, 466 U.S. at 689 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.") (internal citation omitted). Unless Barreras shows that counsel's actions in terms of any investigation were unreasonable, he cannot meet the performance prong of *Strickland*. "[C]ounsel has a duty to make reasonable investigations *or to make a reasonable decision that makes particular investigations unnecessary*. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 690-91 (emphasis added). Here, counsel's decision to not request reweighing of the drugs was reasonable in light of the surrounding circumstances and did not violate prevailing professional norms.

Under the American Bar Association's general standards for defense counsel, counsel "should conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to the merits of the case." DEFENSE FUNCTION, CRIMINAL JUSTICE GENERAL STANDARDS § 4.1(a) (Am. Bar. Ass'n 2016). The investigation "should include efforts to secure information in the possession of the prosecution . . ." *Id*. A reasonable investigation, however, does not necessarily entail investigating every single possibility or outcome. *See Cullen v. Pinholster*, 563 U.S. 170, 197 (2011) (finding that counsel's failure to present mitigating evidence that was not discovered during an earlier investigation did not constitute ineffective

9

assistance and noting that "[t]here comes a point where a defense attorney will reasonably decide that other strategy is in order, thus making particular investigations unnecessary.") (internal quotation omitted). In the present case, defense counsel did receive the lab report from the Government and presumably was aware of the fact that the on-the-line weight could create a reasonable doubt as to whether an element of the charge could be satisfied. Instead of requesting a reweighing, which may have confirmed the 5,000-gram weight, defense counsel may have reasoned that attempting to bring out this possible weakness on cross-examination at trial would be a better strategy. Hindsight, of course, may reveal errors in this conclusion. However, in assessing the reasonableness of a given investigation "a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." *U.S. v. Wiggins*, 539 U.S. 510, 527 (2003). By not requesting a reweighing, defense counsel left open the possibility of challenging the Government's method and accuracy in the extrapolation process, a possibility that would have been foreclosed if a reweighing confirmed the 5,000-gram amount.

The reasonableness of the decision not to investigate further is "reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 521 (quoting *Strickland*, 466 U.S. at 691). In determining what constitutes reasonable judgment, the Court should not second-guess any strategic decisions made by counsel. *See Strickland*, 466 U.S. at 669 ("Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). Although the decision to not request a reweighing may bear flaws in hindsight, it does not constitute complete failure, a

necessary requirement in determining whether counsel failed to engage in effective adversarial testing. *See Bell v. Cone*, 535 U.S. 685, 697 (2002) (refusing to apply the exception identified in *States v. Cronic*, 466 U.S. 648, 658 (1984) that would waive the presumption of reasonableness when an attorney's failure to subject prosecutor's case to adversarial testing was complete at all stages of the proceedings). The Court cannot conclude that counsel's actions not to engage in further investigation constituted an unreasonable decision. Therefore, Barreras is unable to overcome the high burden under the first prong of the *Strickland* test.

### 2. Prejudice

Even if Barreras could show that counsels' performance was unreasonable, he still would be unable to meet the prejudice prong of the *Strickland* test, as he does not show that but for counsel's errors, he could have pleaded to a lesser offense or an offense that did not carry the ten-year mandatory minimum. He had no right to a plea offer, *see Frye*, 132 S. Ct. at 1410, and there is nothing in the record to indicate that the Government would have been willing to allow him to plead to the lesser charge under § 841(b)(1)(B) without filing an § 851 enhancement. That the Government waited two years to file the § 851 is of no moment as the Government could file an § 851 enhancement at any time prior to the entry of the plea. *See* 21 U.S.C. § 851(a)(1). Barreras's argument that he would have pleaded to a lesser charge prior to the filing of the § 851 is exceedingly speculative, requiring the Court to determine that the Government would have accepted such a plea without filing the enhancement. *See Frye*, 132 S. Ct. at 1409 (requiring petitioner to show a "reasonable probability the plea would have been entered without the prosecution canceling it . . ."); *Speed v. U.S.*, 2013 WL 416026, at *3 (S.D.N.Y. Feb. 4, 2013) (concluding, where petitioner did not contend that the Government offered a plea, that "[w]ith no plea offer, it would be baseless and speculative to consider what such an offer might have

contained or the length of any subsequent sentence."); *see also Beras v. U.S.*, No. 05 Civ. 2678, 2013 WL 1155415, at *20 (S.D.N.Y. March 20, 2013); *Ferreiras v. U.S.*, 895 F. Supp.2d 504, 512 (E.D.N.Y. 2012); *Phillips v. U.S.*, No. 14 Civ. 5820, 2015 WL 4112483, at *4-5 (E.D.N.Y. July 7, 2015). The highly conjectural nature of Barreras's claim prevents a finding of prejudice under *Frye*.

### 3. Involuntary Allocution

In his reply brief, Barreras asserts for the first time that his plea was not knowing and voluntary, alleging that he allocuted to the fact that 5,000 grams or more of cocaine was involved under threat from his counsel. Pet. Reply Br. at 6-7, ECF No. 7. "Arguments may not be raised for the first time in a reply brief." *Alnutt v. United States*, 588 F. App'x 45, 47 (2d Cir. 2014) (quoting *United States v. Gigante,* 39 F.3d 42, 50 n. 2 (2d Cir. 1994)).

## CONCLUSION

For the reasons stated, Barreras has failed to make a showing sufficient to warrant a hearing on his claims. Therefore, Barreras's § 2255 motion is DENIED. Moreover, the Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2); *see Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). The Clerk of the Court is directed to close the case.

**SO ORDERED.**

Dated:   April 12, 2016
         New York, New York

_____
ANDREW L. CARTER, JR.
**United States District Judge**